CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
for Danville
NOV 15 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| RICHARD N. POWELL, | ) | CASE NO. 4:05CV00031 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | By: B. Waugh Crigler |
| Commissioner of Social Security, | ) | U. S. Magistrate Judge |
| | ) | |
| Defendant | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's March 26, 2003 claim for a period of disability and disability insurance benefits under the Social Security Act (Act), as amended, 42 U.S.C. §§ 416 and 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. For the reasons that follow, the court will RECOMMEND that an Order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to defendant and DISMISSING the case from the docket.

In a decision eventually adopted as a final decision of the Commissioner, an Administrative Law Judge (Law Judge) found that plaintiff, who was 44 years old with a 9th grade education and with past relevant work as a textile laborer, had not engaged in substantial gainful activity since his alleged date of disability onset, and was insured for benefits through the date of his decision. (R. 28.) The Law Judge further found that plaintiff has degenerative joint disease of the knees and right foot, chest pain, hypertension and gout that are severe under *Evans*

1

*v. Heckler,* 734 F.2d 1012 (4th Cir. 1984), though not severe enough to meet or equal any listed impairment. (R. 29.) The Law Judge was of the view that plaintiff's allegations concerning the limitations imposed by his impairments were "not entirely credible," but nevertheless, found plaintiff unable to perform his past relevant medium skilled work. (*Id.*) The Law Judge further determined that plaintiff retained the residual functional capacity (RFC) to occasionally lift 20 pounds, frequently lift 10 pounds, stand/walk for 4 hours in an 8-hour day, with no limitations on sitting, but that plaintiff should never climb ladders or scaffolds. (R. 29.) The Law Judge further found that plaintiff possessed the RFC to perform a full range of light work. (*Id.*) By application of the Medical-Vocational Guidelines ("grids") to plaintiff's exertional limitations, and by reference to testimony provided by the vocational expert (VE), the Law Judge concluded that jobs as a textile cutting machine operator, inspector, service station attendant, and as a packager were available to plaintiff, and that he was not disabled under the Act. (R. 29.)

Plaintiff appealed the Law Judge's decision to the Appeals Council, which found no reason to review the Law Judge's decision. (R. 4-6.) Accordingly, the Appeals Council denied review and adopted the Law Judge's decision as the final decision of the Commissioner. This action ensued.

In a letter brief before the Appeals Council, adopted in support of his motion for summary judgment, plaintiff contends that the Commissioner's decision is not supported by substantial evidence for two reasons. First, plaintiff seems to argue that the Law Judge failed to elaborate on the combined effects of plaintiff's multiple impairments, which limit plaintiff's ability to perform work related activities. In connection with this, plaintiff contends the Law Judge failed to make findings as to which of plaintiff's impairments were severe, and which ones were non-severe. (R. 182-183.) Secondly, plaintiff asserts that the hypothetical question posed

2

to the VE was not representative of plaintiff's RFC because it was based on the Law Judge's faulty assessment of plaintiff's impairments. As a result, plaintiff claims, the VE's testimony was not relevant or supported by substantial evidence. (R. 184.)

The court is not to conduct a *de novo* review of the Commissioners decision, but rather, it must determine whether the Law Judge's decision was supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990.) Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171 (4th Cir. 2001).

Here there are some 70 pages of medical evidence in the record representing some 28 years of care by plaintiff's medical sources. In addition to the VE, a medical expert (ME) was called to testify and was subject to cross-examination by plaintiff's counsel. In his decision dated August 23, 2004, the Law Judge fairly recited his evaluation of each health care provider as well as that offered at the hearing. It certainly can be gleaned from his opinion, as well as from specific questions to the ME, that the Law Judge considered both the individual and combined effects of plaintiff's maladies. *DeLoatche v. Heckler*, 715 F.2d 148 (4th Cir. 1983); *Smith v. Heckler*, 782 F.2d 1176 (4th Cir. 1986).

The determination of a claimant's residual functional capacity is committed to the Commissioner. 20 C.F.R. § 414.1546. Aside from plaintiff's own evidence concerning his daily activities, the only medical sources relating to plaintiff's RFC was provided by a D.D.S. review consultant and the ME. (Compare R. 81-89, 195-197 with R. 126-133, 211.) No treating sources provided an RFC. From the medical record and from an absence of any indication by treating sources as to plaintiff's work related abilities, the Law Judge had a substantial basis to discount the weight of plaintiff's own testimony regarding his inability to perform gainful activity. In fact,

3

the limitations the Law Judge eventually assigned appeared to the undersigned generous on the record before the court.

The undersigned finds that while the plaintiff satisfied his burden in the sequential analysis by showing a *prima facie* case, there is substantial evidence to support the conclusion that jobs were available to the plaintiff in significant number in the national economy, and that plaintiff was not disabled. Therefore, the undersigned RECOMMENDS that an order enter AFFIRMING the Commissioner's final decision, GRANTING judgment to defendant and DISMISSING the case from the docket.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/

U.S. Magistrate Judge

11/15/05

Date